NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAZIAR MAHBOUBIAN; MOHAMMAD MAHBOUBIAN; FERESHTEH KHADEM SHAHREZA,

Plaintiffs - Appellants,

v.

ANTONY J. BLINKEN, in his official capacity as U.S. Secretary of State,

Defendant - Appellee.

No. 24-4793

D.C. No.
8:24-cv-00175-FWS-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted April 21, 2026**
Pasadena, California

Before: NGUYEN and BRESS, Circuit Judges, and TUNHEIM, District Judge.***

Maziar Mahboubian and his parents (collectively, Appellants) appeal from a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

district court order granting the Secretary of State's motion to dismiss their claim that the State Department unreasonably delayed adjudication of the parents' immigrant visa applications. *See* 5 U.S.C. §§ 555(b), 706(1), (2); 28 U.S.C. § 1361. During the pendency of the appeal, a consular officer issued visas to both of the parents. We dismiss the appeal as moot.

"The case or controversy requirement of Article III . . . deprives federal courts of jurisdiction to hear moot cases." *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021) (quoting *NAACP, W. Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984)). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). In their prayer for relief, Appellants sought an order requiring prompt adjudication of the parents' visa applications. Because Mahboubian's parents have now received visas, there is no further relief that can be afforded.

Nor does any exception to mootness apply. Appellants cannot satisfy the voluntary cessation exception to mootness. Under the voluntary cessation exception, "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). But because Mahboubian's parents have received visas and, we are informed, Lawful Permanent Resident status, "it is absolutely clear the allegedly wrongful behavior could not

reasonably be expected to recur." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Nor can an interest in attorneys' fees keep this dispute alive. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) ("[I]nterest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim[.]").

The mootness exception for disputes capable of repetition yet evading review also does not apply. That exception "is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (en banc) (internal quotation marks omitted) (quoting *Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 854–55 (9th Cir. 1999)). For the reasons explained above, there is no reasonable expectation that Mahboubian's parents will be subjected to unreasonable delay in any future visa application since the parents already received their visas. Mahboubian's assertion that his parents could have their visas revoked at some point in the future is speculative.

Appellants ask that we recognize a new exception to mootness for claims alleging unreasonable delay in the adjudication of visa applications. But they provide no valid legal basis for such a new exception.

**APPEAL DISMISSED.**

3                                                                24-4793